**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| JOHN DOE (A.H.), an individual | Case No. 1:26-cv-21962 |
| Plaintiff, | Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously; Memorandum of Law in Support |
| v. | |
| LYFT, INC., a Delaware Corporation; and DOES 1 through 50, Inclusive | [Concurrently filed here with Complaint] |
| Defendants. | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY; MEMORANDUM OF LAW IN SUPPORT**

COMES NOWS Plaintiff, JOHN DOE (A.H.), by and through his undersigned counsel, and respectfully moves this Court for an order permitting him to bring this action anonymously and to protect his identity from public disclosure. Plaintiff submits the following brief in support of his motion.

**MOTION**

Plaintiff brings his action against Defendants Lyft, Inc., a Delaware Corporation ("Lyft"), and DOES 1 through 50 (collectively, "Lyft" or "Defendants") to recover damages for the injuries he suffered as a result of being raped, assaulted, battered, harassed, and/or attacked by a Lyft driver during a Lyft ride. Due to the sensitive and private nature of Plaintiff's allegations in this case, Plaintiff requests this Court grant his motion to proceed anonymously under pseudonym pursuant to Federal Rule of Civil Procedure 26(c) and ensure Defendants keep his identity confidential throughout the pendency of the lawsuit and thereafter.

1

Plaintiff respectfully moves this Court to grant him permission to proceed through his initials, A.H., in this litigation and does not object to providing his true full name to Defendants pursuant to a protective order barring further dissemination of that information and requiring that any documents containing his true name be filed under seal. Accordingly, granting Plaintiff's motion will not prejudice Defendants' ability to defend themselves in this litigation. In addition, Plaintiff's substantial privacy interest regarding this deeply personal violation outweighs the public interest in needing to know his identity.

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure require pleadings to state the names of all parties. Fed. R. Civ. P. 10(a). However, there are judicially recognized exceptions when pseudonym status is sought to preserve privacy in sensitive and highly personal matters or to shield a party from retaliatory harm. *Does I through XXIII v. Advanced Textile*, 214 F.3d 1058, 1068 (9th Cir. 2000). The Ninth Circuit therefore permits a party to proceed anonymously where the "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068. In particular, pseudonym status is granted when it is necessary "to protect a person from harassment, injury, ridicule, or personal embarrassment." *Id*. at 1067–68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981)). For good cause, the Court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Thus, in cases where the plaintiff demonstrates a need for anonymity, "the court should use its powers to manage pretrial proceedings under Rule 16(b) and to issue protective orders limiting disclosure of the party's name under Rule 26(c) 'to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.'" *J.C. v. Choice Hotels Int'l, Inc.*, No. 20-CV-00155-WHO, 2021

WL 1146406, at *2 (N.D. Cal. Mar. 4, 2021) (quoting *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010)). Trial courts have broad discretion under Rule 26(c) to decide the appropriateness of a protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In balancing the need to proceed anonymously, Courts must use "informed discretion" and consider all relevant factors. *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993). Courts therefore routinely find that preserving a plaintiff's privacy interests substantially outweighs the public's interest and risk of unfairness to the defendant when there are "sensitive and highly personal" issues and when "identification poses a risk of retaliatory physical or mental harm to the requesting party." *Id.* at 238; *Advanced Textile*, 214 F.3d at 1068; *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (same); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (considering "whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'" (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir.1981))); *Doe v. I.N.S., U.S. Dep't of Just.*, 867 F.2d 285, 286 n.1 (6th Cir. 1989) (permitting anonymity "to protect the petitioner's family…from possible reprisals"); *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) (recognizing the need for anonymity in "important privacy interest[s]" such as abortion, birth control, and child welfare cases). When retaliation is a concern, courts rely on five factors to balance whether a party should be permitted to proceed anonymously: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous part's vulnerability to such retaliation, (4) the prejudice to the opposing party and whether such prejudice can be mitigated, and (5) the public interest in revealing the anonymous party. *Advanced Textile*, 214 F.3d at 1068.

A party's privacy interests and ability to litigate anonymously is thus particularly important in cases involving survivors of sexual abuse and assault. Pseudonyms are necessary to protect the

privacy of rape victims. *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir.1997); *see also Doe 1 v. George Washington Univ.*, 369 F. Supp. 3d 49, 64 (D.D.C. 2019) ("…courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault on the basis that they concern highly sensitive and personal subjects"); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. 1992) ("Unquestionably, one's sexual practices are among the most intimate parts of one's life. When those sexual practices fall outside the realm of 'conventional' practices which are generally accepted without controversy, ridicule or derision, that interest is enhanced exponentially."); *Doe v. Alger*, 317 F.R.D. 37, 40 (W.D. Va. 2016) (finding "sexual misconduct" is a sufficient specific, sensitive, and personal privacy interest to warrant proceeding in anonymity).

Here, pseudonym status and proceeding under seal is warranted because this litigation will involve the disclosure of highly personal and stigmatizing sexual information and Plaintiff fears extreme personal embarrassment and unwanted attention or stigma from his family, friends, potential employers, and community, if his identity is revealed in the public record. Further, Plaintiff fears for his safety and well-being if his name is not sealed and his abuser can find him. Moreover, Defendants will not be prejudiced. Plaintiff agrees to reveal his identity to Defendants for the limited purpose of investigating Plaintiff's claims once the parties have entered into a protective order. Plaintiff simply seeks redaction of Plaintiff's personally identifying information from the public docket and assurances that Defendants will not use or publish Plaintiff's identity in a manner that will compromise his mental well-being or personal life. Plaintiff should not be compelled to disclose his identity to maintain his privacy and safety, as Plaintiff's privacy interest substantially outweighs the customary practice of judicial openness and there is no prejudice to Defendants.

**I. Disclosure of Plaintiff's identity would reveal information that is of a highly sensitive and personal nature, putting him at a substantial risk of harm.**

Plaintiff was simply seeking transportation when he was attacked by his Lyft driver. His experience in that sexual assault is highly sensitive and private, warranting anonymity. If his identity is revealed, Plaintiff is likely to experience harm ranging from humiliation and other discrimination to possible physical violence. When someone has been so intimately violated and so stripped of their dignity as to incite violence against them, such information is of a highly personal and sensitive nature, requiring pseudonym protection.

Moreover, Plaintiff's status as a survivor of sexual abuse makes him particularly vulnerable to the likely harms of publicly disclosing his identity. It is extraordinarily difficult for survivors of sexual assault to speak openly about the horrors they endured, and for survivors able to do so, it takes a lot of difficult work to ultimately reach that point. Even at the most advanced stages of recovery, many survivors are not willing to go public with their story. Survivors are just barely "surviving" and are therefore uniquely vulnerable. They are struggling with reliving their traumas over again through flashbacks, overwhelming intrusive and negative thoughts, feeling consumed by shame and guilt, believing that they are living in hiding and unable to let themselves truly be seen, and experiencing fleeting feelings of dignity and respect. Plaintiff does not speak openly about his victimization and instead tries to maintain a normal life he was so viciously deprived of.

The insidiousness of the offense of sexual assault is that the abusers steal from the victims their sense of privacy, autonomy, and normalcy. Litigation such as this is an important step for a survivor to recover what was taken from them. To demand that survivors of sexual crime publicly disclose their identity and their history to pursue a legal opportunity provided to them only

continues such harm. To require that the Plaintiff disclose his identity as man who has been subjected to a sexual attack only serves to again deprive him of privacy, autonomy, and normalcy.

**II. There is an atypically weak public interest in knowing the identity of Plaintiff.**

"The equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). "The public right to scrutinize governmental functioning…is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself." *Id*. (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). "Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them…[and] [t]he assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Stegall*, 653 F. 2d at 185. The public interest is not harmed by allowing the Plaintiff to proceed anonymously, and the interest itself is an atypically weak one.

While the presumptive openness of proceedings is a cornerstone of the American legal system, there is a greater interest in affording and encouraging survivors such as Plaintiff their day in court with the protection of anonymity. *See Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006). The enforcement of federal sex trafficking laws benefits the public, yet the identification of individual plaintiffs does little, if anything, to further community welfare.

The greater public interest would be significantly harmed in identifying Plaintiff and other sexual assault survivors, as other sexual assault survivors would be discouraged from coming forward, resulting in an overall chilling effect upon all sexual assault litigation. Sex crime is a growing epidemic that is already difficult to combat and understand because of the vast underreporting. Measures that may have a chilling effect on a party's willingness to litigate

6

"violations of statutes are generally considered against public policy." *See Advanced Textile*, 214 F. 3d at 1073. Denying victims of sex assault anonymity in circumstances like these would only further allow offenders to continue perpetrating without abatement.

### III. Granting Plaintiff's motion will not compromise Defendants' ability to present a full defense.

Defendants will not be prejudiced by the granting of Plaintiff's anonymity. Defendants are corporate entities that lack the vulnerability Plaintiff faces as a singular human survivor of sexual abuse, particularly in an era where publicly filed documents are easily searched online. Anonymity in this case, as was proffered in *James v. Jacobson*, would be limited to the pseudonym that the Plaintiff uses, not to who he is in every other respect. 6 F.3d 233, 243 (4th Cir. 1993). Plaintiff will provide his full name to Defendants under a protective order, and Defendants will not be prejudiced.

### CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests this Court grant his motion to proceed in this action anonymously, under the pseudonym initials "A.H.," and requests all filed materials, judgments, and any other documents relating to this action refer to Plaintiff solely as "A.H.," without additional identifying information.

Dated: March 25, 2026                Respectfully submitted,


                                     /s/ D. Todd Mathews
                                     BAILEY & GLASSER, LLP
                                     D. Todd Mathews (FL Bar #163104)
                                     David L. Selby II (*pro hac vice* forthcoming)
                                     600 Cleveland St., Suite 316
                                     Clearwater, FL 33775
                                     Tel: 618-726-0091
                                     tmathews@baileyglasser.com
                                     dselby@baileyglasser.com

                                     *Attorneys for Plaintiff*

8